# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 97-11370

JERRY L. CLARK and MICHAEL L. RILEY,

Plaintiffs-Appellees,

versus

THE CITY OF WILMER, TEXAS; BILLY WICKLIFFE;
GENE BOLLINGER; EUGENE ST. GEAN; VERNA RILEY;
and EUGENE LOWE,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-2575-R)

April 9, 1999

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

PER CURIAM:[*]

The City of Wilmer, its Mayor, and four city council members appeal the trial court's rejection of their motion for summary judgment based on their claimed qualified immunity defense against the claims brought by Jerry L. Clark, the former city Police Chief, and Michael L. Riley, the former city Assistant Police Chief. For the reasons assigned, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**BACKGROUND**

Clark and Riley supported a slate of candidates who unsuccessfully opposed some city council members and supported a collective bargaining initiative that was defeated. Subsequently, in June 1996, the individual defendants – with the Mayor and one of the council members abstaining – voted to terminate plaintiffs' employment. Clark and Riley sued, alleging unlawful discharge in violation of the first amendment. Defendants denied that Clark and Riley were fired for exercising their first amendment rights and contended that, even if the firings were politically motivated, they were entitled to qualified immunity. The trial court rejected their motion for summary judgment on the qualified immunity defense, holding that multiple factual disputes precluded the grant of summary judgment and, assuming plaintiffs' firings were retaliatory, defendants were not entitled to qualified immunity as a matter of law.

**ANALYSIS**

Under the applicable two-prong test, defendants are not entitled to the defense of qualified immunity if the plaintiffs have alleged the violation of a clearly established constitutional right and the defendants' conduct was objectively unreasonable in light of clearly established law at the time of the firings.[2] It has long been established in this circuit that government employees cannot lawfully be discharged in retaliation for commenting on matters of public concern unless their interest in exercising their first amendment rights is outweighed by the

---

[2]**See, e.g., Hare v. City of Corinth**, 135 F.3d 320, 325 (5th Cir. 1998).

government's countervailing interest in maintaining an efficient and effective workplace.[3]  When the employee who has been discharged holds a policymaking position, the balance may more readily tilt in the government's favor.[4]  But the mere fact that the fired employee was a policymaker does not automatically render a retaliatory firing lawful.  "As far back as 1985, the established law in this circuit has been that a public employer cannot retaliate against an employee for expression protected by the [f]irst [a]mendment merely because of the employee's status as a policymaker."[5]  "**[S]ans** an allegation of disruption" an employee's "partisan affiliation or political activity can [n]ever be proper factors in a personnel decision."[6]

Defendants concede that plaintiffs' speech qualifies as a matter of public concern.  They contend, however, that plaintiffs were policymakers whose termination would have been justified under the balancing test noted above.  But the summary judgment record is devoid of any evidence that plaintiffs' speech interfered with the smooth operation of the police department.  In part, this omission is a necessary result of defendants' formal position in the district court: they denied that plaintiffs were fired because of their speech, making it impossible

---

[3]**Connick v. Myers**, 461 U.S. 138 (1983); **Pickering v. Board of Education**, 391 U.S. 563 (1968); **Vojvodich v. Lopez**, 48 F.3d 879 (5th Cir. 1995).

[4]**See, e.g., Kinsey v. Salado Indep. Sch. Dist.**, 950 F.2d 988, 994-96 (5th Cir. 1992) (en banc).

[5]**Brady v. Fort Bend County**, 58 F.3d 173 (5th Cir. 1995), **reh'g en banc granted** (5th Cir. Aug. 25, 1995) and dismissed for lack of jurisdiction (5th Cir. Nov. 17, 1995).

[6]**Id.**

for them to adduce evidence that Clark and Riley were fired because of the disruption occasioned by their speech.

Fifth Circuit law was clear in June 1996 -- as it is today -- that, absent a showing of a qualifying amount of disruption, policymaking employees cannot be fired for availing themselves of their right to comment on matters of public concern.[7]  We therefore conclude and hold that the trial court properly rejected defendants' qualified immunity defense.[8]  As a consequence of today's disposition, we need not consider the disputed facts issue.  AFFIRMED.

---

[7]Defendants urge that in **Brady** we limited the holding in **Vojvodich** – that retaliatory discharge of policymaking employees is unlawful absent some showing of disruption -- to a single class of employees: deputy sheriffs.  But defendants suggest no principled or logical basis upon which we could carve out deputy sheriffs from the more general class of policymaking employees.  Nor do we construe **Brady** as so holding.

[8]We decline defendants' invitation to reverse the trial court's refusal to grant qualified immunity to the Mayor because he abstained from voting to fire plaintiffs.  Further factual development is required to determine his liability.